FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

2007 JUN 27  P 3: 52

RALPH L. DELOACH
CLERK
BY _____ DEPUTY
AT TOPEKA, KS.

NANCY HUCKEBA         )
                      )
_____)
                      )
_____)
                      )
(Enter above the full name of the Plaintiff(s)  )
                      )
vs.                   )
                      )
(1) University of Kansas and its representatives )
    Name              )      07-2278-CM
                      )   Case Number: 30438-07
    1450 Jayhawk Ave., Strong Hall )       (KHRC)
    Street and number )
    Rm 300            )   U.S. E.E.O.C.
    Lawrence KS 66045 )   Charge number 563-2006-
    City  State  Zip Code )             01833

(Enter above the full name and address of the
Defendant in this action - list the name and address
of any additional defendants on the back side of
this sheet).

## CIVIL COMPLAINT

I. Parties to this civil action:

(In item A below, place your name in the first blank and place
your present address in the second blank. Do the same for additional plaintiffs, if any, on the back side
of this sheet).

A. Name of plaintiff  Nancy Huckeba

Address   3004 Flint Dr

          Lawrence, KS 66047

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

    B.    Defendant __University of Kansas and it's representaitves__

          employed at _____

          _____

    C.    Additional Defendants _____

          _____

          _____

II.    Jurisdiction: (Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

    A.  (If Applicable) Diversity of citizenship and amount:

        1.    Plaintiff is a citizen of the State of __KANSAS__.

        2.    The first-named defendant above is either

            a.    a citizen of the State of _____; or

            (b.)    a corporation incorporated under the laws of the State of __KANSAS__ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

        3.    The second-named defendant above is either

            a.    a citizen of the State of _____; or

            b.    a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B. (If applicable) Jurisdiction founded on grounds other than diversity(Check any of the following which apply to this case).

____ 1. This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article____, Section____; Statute, US Code, Title____, Section____.

_X_ 2. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

____ 3. Other grounds (specify and state any statute which gives rise to such grounds):

_____
_____
_____
_____

III. Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

Made verbal requests in 2003 to Michael Mosser, during remodeling. Made formal written request supported by my MD and psychotherapist I had began seeing. I was refused reasonable accomodation - all of my requests. I was harassed, ridiculed, baited, and recieved false 'counseling' by my supervisor within a short time frame (see attached sheets).

11. The facts surrounding my claim of discrimination are:

   Failure to Provide Reasonable Accommodation
   Retaliation, Baiting & Harassment
   Collusion for the purpose of a foundation for dismissal
   Wrongful Termination based on my disability and
   unable to return to work. I was
   (If more space is needed you may attach additional sheets of 8½" X 11" paper.)

12. The alleged discriminatory conduct occurred on or about _2003 — 2006_

   at _University of Kansas_.

13. In accordance with 42 U.S.C. § 2000e-5, 29 U.S.C.§ 626(d) and 29 U.S.C. § 633(b), or 42 U.S.C. § 12117, more than sixty (60) days have elapsed since filing a charge alleging unlawful discrimination with the Kansas State Division of Human Rights, the Kansas Commission on Human Rights or the Equal Employment Opportunity Commission.

14. In accordance with 28 U.S.C. § 1343 or 29 U.S.C. § 633a(d), of this is an Age Discrimination action, a thirty (30) day Notice of Intent to File this action has been given to the Equal Employment Opportunity Commission.

15. I filed charges with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights regarding the alleged discriminatory act on _12 Sep 2006_.

16. I filed charges with the Equal Employment Opportunity Commission regarding the alleged discriminatory act on _____.

17. I filed a Notice of Intent with the Equal Employment Opportunity Commission on _on or about 21 July 2004_

18. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter (copy attached) which was received by me on or about _28 May 2007_

19. If relief is not granted, plaintiff will be irreparably denied the rights secured by the Age Discrimination in Employment Act of 1967, as amended, by Title VII of the 1964 Civil Rights Act, as amended, or by the Americans With Disability Act.

20. Plaintiff demands trial by jury.  Yes _X_   No ____

4

WHEREFORE, plaintiff prays that:

a. The court grant the relief stated in 42 U.S.C. § 2000e-5, 29 U.S.C. § 633a(c), or 42 U.S.C. § 12117, including damages in the amount of $_____.

b. The court grant such other legal or equitable relief as the court deems just and proper, including attorney's fees and costs.

_Nancy Huckeba_
Signature of Plaintiff

NANCY HUCKEBA
Name (Print or Type)

3004 Flint Dr
Address

Lawrence     KS     66047
City     State     Zip Code

785-843-8845
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita, **Kansas City** or Topeka ), Kansas as the location for the trial in this matter.
(circle one location)

_Nancy Huckeba_
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( **yes** or no ).
(circle one)

_Nancy Huckeba_
Signature of Plaintiff

Dated: 24 June 2007
(Rev. 9/04)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_NANCY HUCKEBA_ )
)
)
)
)
(Enter above the full name of the Plaintiff(s) )
)
vs. )
)
Name _University of Kansas and it's Representatives_ )
)
Street and number _1450 Jayhawk Ave, 300 Strong_ )
)
)
City _Lawrence_, State _KS_ Zip Code _66047_ )

Case Number: _503-2006-01833_
(US. EEOC)

(Enter above the full name and address of the
Defendant in this action - list the name and address
of any additional defendants on the back side of
this sheet).

CIVIL COMPLAINT PURSUANT TO
TITLE VII OF THE
CIVIL RIGHTS ACT OF 1964
or
29 U.S.C. § 621-634(b)
(Age Discrimination in Employment Act)
or
42 U.S.C. § 12111 et seq.
(Americans With Disabilities Act)

Mark the statute that you are filing this complaint under:

_____ Title VII of the Civil Rights Act of 1964.

_____ 29 U.S.C. § 621-634 (b) (Age Discrimination in Employment Act)

__X__ 42 U.S.C. § 12111 et. seq. (Americans With Disabilities Act)

1

1. Plaintiff resides at: 3004 Flint Dr
   Lawrence, KS 66047

2. Defendant employer(s) reside or can be served with process at the addresses set forth in the caption above.

3. This Action is brought for employment discrimination, pursuant to one or both of the following laws:

   a. _____ Title VII of the Civil Rights Act of 1964 for employment discrimination.
   b. _____ Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621-634(b), as amended, for employment discrimination based on age;
   c. __X__ Americans With Disabilities Act, codified at 42 U.S.C. § 12111 et. seq., for employment discrimination based on disability.

Jurisdiction is conferred on this court pursuant to 29 U.S.C. § 626(c)(1), 42 U.S.C. § 2000e-5, or 42 U.S.C. § 12117. If the plaintiff is a federal employee, jurisdiction is conferred on this court pursuant to 29 U.S.C. § 633a(c).

4. Venue is invoked pursuant to 28 U.S.C. § 1391.

5. Defendant's conduct is discriminatory with respect to the following:

   a. _____ My race or color, which is _____.
   b. _____ My religion, which is _____.
   c. _____ My sex, which is _____ male; _____ female.
   d. _____ My national origin, which is _____.
   e. _____ My age, in violation of 29 U.S.C. § 623.
   f. __X__ My disability or perceived disability, which is Claustrophobia, anxiety & panick attack
   g. _____ Other as specified below:
   _____
   _____
   _____

2

6. The plaintiff is an employee within the meaning of the above-cited statutes.

7. If this is an age discrimination case, the plaintiff states the following:

   a. Plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

   b. My age at the time of the alleged discriminatory conduct was _____.

   c. My year of birth is _____.

8. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 28 U.S.C. § 1343 and 29 U.S.C § 630(b)(c) and (d).

9. The defendant(s) is (are) engaged in commerce within the meaning of the above-cited statutes.

10. The conduct complained of in this action concern:

    a. _____ Failure to employ

    b. _X_ Termination of employment

    c. _____ Failure to promote

    d. _____ Unequal terms and conditions of employment

    e. _____ Reduction in wages

    f. _____ Retaliation

    g. _X_ Failure to accommodate disability

    h. _X_ Other acts as specified below:

    Retaliation and harrassment
    false documentation
    Wrongful dismissal

3

IV. Relief: (State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

*To Be Determined after I obtain an attorney*

V. Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Yes [ ] No [X] *No longer employed by KU*

VI. Do you claim actual damages for the acts alleged in your complaint?  Yes [X] No [ ]

VII. Do you claim punitive monetary damages? Yes [X] No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

*To Be Determined after I obtain an attorney*

VIII. Administrative Procedures:

A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency? Yes [X] No [ ]

B. If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

*April-May letters*
*Letter to HREO (KU Human Resources & Equal Opportun)*
*EEOC - 23 Aug 2006 - Right to sue letter (attached)*
*KHRC - 12 Sep 2006 (attached letter)*

4

C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

_____

_____

_____

*Nancy Huckeba*
Signature of Plaintiff

NANCY HUCKEBA
Name (Print or Type)

3004 Flint Dr
Address

Lawrence    KS    66047
City    State    Zip Code

785-843-3345
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita,    (Kansas City)    or    Topeka ), Kansas as the location for the
(circle one location)

trial in this matter.

*Nancy Huckeba*
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( (yes)    or    no ).
(circle one)

*Nancy Huckeba*
Signature of Plaintiff

Dated: 24 June 2007
(Rev. 9/04)

5

Civil Complaint  Huckeba vs University of Kansas and it's representatives

### III.
### Statement of Claim  pg. 3

*I was discriminated against based on the disabilities of claustrophobia, anxiety syndrome, and panic attack in that the University of Kansas, Graduate School & International Programs failed to provide reasonable accommodation; failed to make good faith efforts to provide reasonable accommodation; retaliated and harassed me due to my disability and requests for reasonable accommodation; and carried out a wrongful termination based on my disability*

**Failure to Provide Reasonable Accommodation and Failure to Make Good Faith Efforts to Provide Reasonable Accommodation.**

*I had made numerous verbal and written requests for Reasonable Accommodation, beginning in 2003 with the first office remodel because of claustrophobia. Even when we walked through the new office space and I saw the corner cubicle, I told John Augusto that I could not work there. He said that that is the place Diana wanted me to be and that is where I would be. He sounded very mean, but he was grinning. All of my accommodation requests were ignored. I was subjected to disparaging remarks that were hurtful. Only after I had a full blown panic attack in Jan 2004 was I moved out of the corner and over one cubicle, trading place with Lori Phillips, but I was still in the same area. I continued to ask for reasonable accommodation. I asked HREO to be moved within KU to another office as I became more and more sick. There were jobs I was qualified for that were similar to my job.*

*I submitted the first written request for Reasonable Accommodation, supported by documentation from my doctor, Gregory Schnose, dated Feb 22, 2004, to Steve Ramirez since I had not been given any response to requests made to Thomas Heilke, John Augusto, Michael Mosser or Diana Carlin. Steve Ramirez said he would send a copy to Thomas Heilke. No response was offered and no discussion with me about possible solutions was ever initiated by Thomas Heilke, Dean Carlin or Human Resources and Equal Opportunity. (See attached request(s) and notice dates, also letters from Schnose and Melland). When I asked Thomas Heilke about the request and my situation several times he smiled and said in a condescending tone that his mother had claustrophobia and said he would discuss it with Dean Carlin. I wanted to ask if his mother also had panic attacks, but I didn't. I had suggested, to Thomas Heilke and to Steve Ramirez that I could return to my former office since it was vacant, or that I could work from home as Tracie Whiting Kipper was doing. Later, when I asked Thomas Heilke again about it, he told me that Diana Carlin had refused to discuss it further. Diana never brought up the subject or met with me regarding my request. After Jan 2004, I remained in the same cubicle, in the same area (see floor plan attachment) until I went on Medical leave in Feb 2006.*

/

**Retaliation, Baiting and Harassment**

*When I became ill and repeatedly requested Reasonable Accommodation; suddenly I began to receive memorandums that were just full of false reporting. These false accusations were at first bewildering to me, and then, despite my efforts to comply with those directions, these false accusations continued. These lies written about me and my character; that I was rude, that I cursed on the phone, that I rolled my eyes and made demeaning remarks toward others, that people didn't like me; that I had been overheard saying or doing numerous things that I never did; being accused of these caused extreme stress that exacerbated my condition of anxiety syndrome. I was made very sick by these deliberate attempts to increase stress, discredit and demoralize.*

*The one small half of a window in our area that was already covered with a window air conditioning unit and dark film was also covered over with heavy plastic and duct tape. Two separate air quality studies were conducted, both times canisters were placed on my desk and I was told that the air quality technician there was particularly bad with high levels of formaldehyde, mold, and ozone. Several people in the office asked to see the results of the air quality tests but none were ever provided and the issue was dropped.*

*In another attempt to cope with my deteriorating condition of anxiety caused by prolonged exposure to this claustrophobic environment my doctor had prescribed anti-anxiety medication. I had told my direct supervisor, Thomas Heilke that I was taking medication because it made me extremely sleepy and I was concerned that he might notice. I was shocked to overhear Dean Carlin say aloud to Thomas Heilke, and Lanis Atwood, "you can **really** tell when she is off her meds." They all chuckled. Joking comments about claustrophobia were made around me often, and people would try to tell me that they had claustrophobia also, in a dismissive manner as though it was like having poison ivy. I supposed they had no idea how horrible the panic attacks felt.*

*A baiting strategy was used and false documentation. For one example: everyone knows that fall is Office of International Programs' busiest time of year. During this time when I had a very full week Thomas Heilke asked me, in front of Lanis Atwood, the office manager, to clean out the display case in the west hallway outside the office. I was thinking aloud and asked, "Are we supposed to do that?" I asked, because in the almost 4 years that I had worked there I had never been asked to clean out the display case. I was thinking that housekeeping would probably do that if we asked; I didn't even know*

*where the key to the display case was. Thomas Heilke very sarcastically said that housekeeping*
*probably would clean the display case but that he was telling me to do it. He used a tone of voice as though he was scolding a child. I said that I had never done that before and that I would have to think about it (meaning think about HOW to accomplish that assignment). Thomas Heilke and Lanis Atwood looked at each other and she followed*

2

him into his office and they closed the door. Lanis was helping them discredit me and she lied many times about what I had said or done.

The next day I cleaned out the display case and bought some fabric to replace the old yellowed jayhawk paper. The next day I brought an extension cord, a dirt devil, extra filter bags, and cleaning cloths from home because KU housekeeping didn't have anything except a feather duster and that would not have accomplished the job (I had asked housekeeping for such equipment). The display turned out very nice and I enjoyed doing it. People from our offices and the math department stopped to chat and commented on how nice it looked. It was actually a nice break from all the hectic planning for fall events and programs. I was shocked to see in one of Thomas Heilke's memorandums that I had refused to do this project, and, that I often had a poor attitude when asked to do something that I considered not part of my job.

Some time later, Thomas Heilke sent an e-mail to Rochelle Montgomery and me asking if one of us would make new signage for the cork bulletin board outside our office. I have some time and so I did that right away. Thomas was very critical of my work and told me that a child could have done a better job. I went back and tried to make changes to please him. Alison Watkins came by and saw me struggling because of the height to reach the top of the bulletin board and pin the pieces of signage perfectly straight. I joked that I needed a level, and she smiled and shook her head, making some comment about Thomas.


A new 'office policy' was implemented in late summer 2005. I had to fill out forms and receive permission anytime I was out of the office and I had to let the front desk know when I left my desk to go to the restroom. In my 3.5 years of employment at KU, I attended committee meetings, planning meetings as necessary and would just let someone know where I would be, I never abused this. I have always been a "self starter' and self directed. I have held many jobs of professional responsibility. Suddenly I had to fill out permission forms even to attend our own office meetings. Then if meetings were cancelled or rescheduled I had to fill out another form and these had to be signed by Thomas Heilke who was part time, and copies given to Bette Luther, the office bookkeeper and Lanis Atwood, the office manager.

I often gave Thomas Heilke updates on what was coming up and reminded him of administrative matters that needed his attention. Thomas Heilke referred to this practice with appreciation in both evaluations and memorandums.

Each week when Lanis Atwood, the office manager, and other support staff had our office matrix meeting I reported what I was working on and the dates for upcoming events by E-mail well in advance. Lanis must have had problems remembering because she would often question me about those things again even though I had told her already and answered those questions several times. I was surprised that in one of Thomas Heilke's memorandums it was reported that on several occasions I was not at my desk

3

and no one knew where I was. I had made it a habit to stop by and tell the receptionist, Judy Davis, when I was even when I was merely stepping out for the ladies room.

Also, I was deliberately left off memos regarding OIP meetings. Once Thomas came to get me because they were having a meeting that I didn' know about and Diaan needed a report from me about an upcoming event. Lanis would not tell people where I had gone ( when I had told her) . All of this stress added to my already terrible situation.

I had never had high blood pressure, but began to have elevated readings.

Bette Luther, the Financial Officer, made numerous erasures and changes to my time card, without my knowledge. There were many errors that I got blamed for. After I returned from vacation I found an error; that my vacation time had not been subtracted from my time card. I politely pointed that out to Bette after we talked with Thomas (when I left they closed the door and remained there for some time) and that was reported as me being confrontational about my errors on my time sheet.

I had a really good working relationship with JoAnne Kready, the previous book keeper. We worked together on budgets for projects and I could discuss anything pertaining to work with her. Bette Luther was always hostile and aggressive although I tried to get on her good side I just never could. I wondered if it was because I was also the hiring manager for our part of the office (Office of International Programs) and she had done all of that, and almost everything else for Center for Russian and East European Studies (CREES) which was a smaller office. Bette Luther seemed put out and more hostile than usual when I was asked to staff a couple of job searches. In fact although I was not aware of an update training session for hiring managers, it was reported to Thomas Heilke and included in one of his memorandum that I deliberately didn't attend a training session that I was required to attend. Bette Luther had joined our office about the time I was pushing my requests for accommodation and or transfer that was also about the time I had met several times with Steve Ramirez, Human Resources, Equal Opportunity. As the book keeper and payroll person for our office Bette was in constant contact with Human Resources and Equal Opportunity staff.

Alison invited me to lunch in the fall and I had to arrange to switch times so that the front would be covered during lunch, although I often was left to cover the office alone, especially during the summer. I kept the discussion light and we were chatting when Alison abruptly asked me if there was anything I wanted to talk about. I asked her what she meant, and she said," I know what you are going through now and thought you might want to talk about it." I just talked about the upcoming events; I felt that I was being baited. This lunch was after my first meeting and delivery of memorandum with Thomas Heilke, Oct 28 2005, when he had behaved strangely placing an empty camera case on the table between us as though our conversation was being recorded.
He had then tried to make me angry by being confrontational and mean toned about the memorandum. I was so shocked by receiving this memorandum dated Oct 28 2005 I was practically speechless.

4

*Thomas Heilke had also threatened me during that meeting, we met at the Hawks nest in the Kansas Union, not to talk to any of my co-workers or to question them about the memorandum contents. He offered to help me and I accepted, I said, "help me." He smiled strangely. Thomas Heilke had said if I complied, this matter would be dropped. As directed, I did not talk to anyone in the office about the memorandum or our meeting and I made conscious efforts to smile more often. I began to think that perhaps my facial expressions were the problem since I tend to frown when I concentrate. I was extra friendly and at times joined in the discussions about recipes and shopping, and the usual office gossip. Usually I had too much work to do to participate and I thought perhaps people thought I was not friendly enough. I was bewildered then to receive the Nov 22, 2005 memo full of more false accusations.*

**Wrongful Termination**

*Although I had received stellar annual job performance reviews, my work and working relations were widely praised, and I had even received an additional merit pay increase in Sep 8 2005, and was told by Associate Dean Thomas Heilke, shortly after I received the letter ( see attached) from Dean Carlin regarding my merit pay increase, that all the graduate school and international program deans agreed immediately in their meeting that I should receive the highest merit increase.*

*When I became very sick and asked for reasonable accommodation; then asked that HREO transfer me to another job at KU, I was told by Steve Ramirez, Ola Faucher, and Thomas Heilke that my condition was not considered a disability. False statements and reports were made up, I was baited and harassed so that work became even more stressful and my physical and mental health deteriorated. This was documented by my MD and the psychotherapist I was seeing.*

*I was informed by letter ( see attached and my response) that I was terminated because I could not provide a release to return to work in that office from my doctor and return to work by May 1 2006. I did not obtain a medical release to return to work until June 12, 2006.*

5

EEOC Form 161 (3/98)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Nancy Huckeba  
3004 Flint Drive  
Lawrence, KS 66047

From: Kansas City Area Office  
Gateway Tower II  
400 State Avenue  
Kansas City, KS 66101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2006-01833 | Mark E. Bretches, Investigator | (913) 551-6613 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  
James R. Neely, Jr.,  
Director

MAR 2 8 2007  
(Date Mailed)

Enclosures(s)

cc:

| | | |
|---|---|---|
| BETH M. BRADRICK, Ph.D.<br>  PITTSBURG<br>DAVID A. HANSON<br>  TOPEKA<br>CLYDE HOWARD<br>  MANHATTAN<br>LOU ANN THOMS<br>  TOPEKA<br>ANTHONY VILLEGAS, SR.<br>  KANSAS CITY<br>ERROL V. WILLIAMS<br>  TOPEKA<br>JEROME WILLIAMS<br>  WICHITA<br><br>TTY (785) 296-0245<br>FAX (785) 296-0589<br>800# 1-888-793-6874 | <br>**K A N S A S**<br><br>KANSAS HUMAN RIGHTS COMMISSION<br><br>LANDON STATE OFFICE BLDG. – 5TH FLOOR<br>900 S.W. JACKSON – SUITE 568 S.<br>TOPEKA, KANSAS  66612-1258<br>(785) 296-3206<br>www.khrc.net | KATHLEEN SEBELIUS, GOVERNOR<br>WILLIAM V. MINNER<br>  EXECUTIVE DIRECTOR<br>RUTH GLOVER<br>  ASSISTANT DIRECTOR<br>BRANDON L. MYERS<br>  CHIEF LEGAL COUNSEL<br>JUDY FOWLER<br>  SENIOR LEGAL COUNSEL<br>CATHERINE A. WALTER<br>  STAFF ATTORNEY<br>BILL WRIGHT<br>  TOPEKA INVESTIGATIVE<br>  ADMINISTRATOR<br>ORIE KIRKSEY<br>  TOPEKA INVESTIGATIVE<br>  ADMINISTRATOR<br>JANE L. NEAVE<br>  WICHITA INVESTIGATIVE<br>  ADMINISTRATOR<br>RICK FISCHLI<br>  RACIAL AND OTHER PROFILING<br>  ADMINISTRATOR |

September 12, 2006

Ms. Nancy Huckeba
3004 Flint Drive
Lawrence KS  66047

RE:    Case No. 30438-07, Huckeba vs. University of Kansas and its Reps.

Dear Ms. Huckeba:

This is to acknowledge receipt of your formal complaint charging the above captioned Respondent with violating the Kansas Act Against Discrimination.  A copy of the complaint is enclosed for your information.

Since your complaint is first filed with the Equal Employment Opportunity Commission (EEOC), the Kansas Human Rights Commission will be notified of the results.  The investigation of your complaint by the Kansas Human Rights Commission will consist of reviewing the results of the completed EEOC investigation to determine if there has been a violation of the Kansas Act Against Discrimination.

If you have questions, please do not hesitate to call.

Sincerely,

William V. Minner
Executive Director

WVM/
Enclosure

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO.  30438-07

On the complaint of

Nancy Huckeba

                            Complainant,

                  vs.

                            Respondent,

University of Kansas and its Representatives

I, Nancy Huckeba residing at 3004 Flint Drive, Lawrence, KS 66047

charge University of Kansas and its Representatives whose address is 1450 Jayhawk Avenue, Strong Hall, Rm. 300, Lawrence, KS 66045

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(1) (a)(4) of Section 44-1009 of said Act, because of my RACE (), RELIGION (), COLOR (), SEX (), NATIONAL ORIGIN (), ANCESTRY (), DISABILITY (X), RETALIATION (X), FAMILIAL STATUS ().

[] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section of said Act, because of my AGE.

Alleged Date of Incident, on or about February 22, 2004, to May 8, 2006.

The aforesaid charges are based on the following facts:

I.     I am disabled and I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

II.    I was employed by the Respondent from July 2002, to May 8, 2006.

    A.    From February 22, 2004, to May 8, 2006, I was denied a reasonable accommodation. Subsequently, I made a complaint to a members of _NH_ management regarding disability discrimination.

    B.    In October 2005, and November 2005, I was subjected to wrongful discipline and negative counseling.

    C.    On May 8, 2006, I was terminated.

30438-07

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

III.   I hereby charge University of Kansas and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was denied a reasonable accommodation due to my disability and subjected to wrongful discipline and negative counseling, and terminated and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS         )
                        )ss:       X _Nancy Huckeba_____
COUNTY OF _Douglas_     )              (Signature of Complainant)

Nancy Huckeba, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this _11th_ day of _Sept_____, 2006       X _Nancy Huckeba_____
                                                (Signature of Complainant)

_Joseph Slabodnik_
(Signature of Notary Public)

MY COMMISSION EXPIRES: _6/1/2010_

JOSEPH SLABODNIK
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 6/1/2010

RECEIVED
SEP 12 2006
KANSAS HUMAN RIGHTS